UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CASE NO.:

LUIS RAUL GANDARA CARRILLO and all )
others similarly situated under 29 U.S.C. )
216(B), )
)
       Plaintiff, )
 vs. )
)
CREST-MEX CORPORATION d/b/a LA )
SIERRA APARTMENTS )
THOMAS TOWNSEND, )
)
       Defendants. )
)
_____ )

## COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND NEGLIGENCE UNDER TEX. CODE ANN. 406

Plaintiff, LUIS RAUL GANDARA CARRILLO, on behalf of himself and all others similarly situated under 29 U.S.C. 216(B), through undersigned counsel, files this Complaint against Defendants CREST-MEX CORPORATION d/b/a LA SIERRA APARTMENTS and THOMAS TOWNSEND, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dallas County, Texas at the time that this dispute arose.

3. The Defendant, CREST-MEX CORPORATION d/b/a LA SIERRA APARTMENTS, is a company that regularly transacts business within Dallas County. Upon information and belief, the Defendant Company was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant, THOMAS TOWNSEND, is a corporate officer and/or owner and/or manager of the Defendant Company who runs the day-to-day operations of the

Defendant Company for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in the Northern District of Texas.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(B). It is believed that the Defendants have employed several other similarly situated employees like the Plaintiff who have not been paid overtime and minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff worked for Defendants as a maintenance employee from on or about October 15, 2011 through on or about December 17, 2013.

10. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to them by the Defendants to use

on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while they worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

11. Upon information and belief, the Defendant Company had gross sales or business done in excess of $500,000 annually for the years 2010, 2011, 2012, and 2013.

12. Upon information and belief, Defendants are part of a joint enterprise as defined by 29 U.S.C. 203(r) as the Defendants own or operate more than one location and the related activities between the company locations, performed through unified operation and/or common control, are being done for a common business purpose.

13. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus also making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. From on or about October 15, 2011 through on or about June 15, 2013, Plaintiff worked an average of 50 hours per week and was paid an average of $10.00 per hour, but was never paid the extra halftime overtime rate for hours worked above 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each overtime hour worked.

15. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing

Plaintiff these wages from the commencement of Plaintiff's employment for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT II: NEGLIGENCE UNDER TEX. CODE ANN. 406

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-15 above and further states:

16. This Court has jurisdiction for Plaintiff's negligence claim under the Court's Supplemental Jurisdiction. 28 USC 1367.
17. Tex. Code Ann. 406.001(a) states that "[e]xcept for public employers and as otherwise provided by law, an employer may elect to obtain workers' compensation insurance coverage." However, Tex. Code Ann. 406.033(a) states "[i]n an action against an employer by or on behalf of an employee who is not covered by workers' compensation insurance obtained in the manner authorized by Section 406.003 to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that: (1) the employee was guilty of contributory negligence; (2) the employee assumed the risk of injury or death; or (3) the injury or death was caused by the negligence of

a fellow employee." Furthermore, Texas statute "does not reinstate or otherwise affect the availability of defenses at common law including the defenses described by Subsection (a)." Tex. Code Ann. 406.033(b).

18. On or about December 17, 2013, Plaintiff was engaged in normal work duties in the scope of his employment with Defendants.

19. During these duties, Plaintiff stepped onto a patio of one of Defendants' apartments to perform painting. When he stepped onto the patio, Plaintiff fell through the rotted, wooden planks of the patio and was injured.

20. Plaintiff sustained injuries to his back and other parts of his body.

21. Defendants failed to maintain a safe working environment, and as a result, Plaintiff was injured.

22. Defendants knew of the unsafe working condition involving the rotted planks and failed to provide Plaintiff with the necessary equipment to maintain a safe working environment.

23. Upon information and belief, Defendants did not maintain worker's compensation insurance.

24. As a result, Plaintiff has been damaged.

Wherefore, Plaintiff requests judgment against the Defendants, jointly and severally, including attorney's fees, costs, emotional distress, pain and suffering, as well as all other damages recoverable by law under Tex. Code Ann. 406. *The Plaintiff requests a trial by jury*.

Respectfully submitted,

By: __/s/ J.H. Zidell_____
J.H. Zidell, Esq.
Texas Bar No.: 24071840

J.H. Zidell, P.C.
6310 LBJ Freeway, Suite 112

Dallas, Texas 75240  
Tel: (972) 233-2264  
Fax: (972) 386-7610  
Email: zabogado@aol.com