# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| LUIS RAUL GANDARA CARRILLO and all other similarly situated under 29 U.S.C. 2216(B)<br><br>*Plaintiff,*<br><br>v.<br><br>CREST-MEX CORPORATION d/b/a LASIERRA APARTMENTS, MTORMA TRUST, DALLAS NET LEASE TRUST,, SIERRA MANAGEMENT TRUST, and THOMAS TOWNSEND<br><br>*Defendants*. | § § § § § § § § § § § § § § § § | CIVIL ACTION 3:14-cv-00405-P |

## DEFENDANT THOMAS TOWNSEND'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant Thomas Townsend ("Townsend") files this Brief in Support of Motion for Judgment on the Pleadings and states as follows:

### INTRODUCTION, FACTUAL BACKGROUND, AND SUMMARY OF ARGUMENT

1. Plaintiff Luis Raul Gandara Carrillo ("Plaintiff" or "Carillo") filed this lawsuit against Townsend and four different corporate and/or trust defendants (the "Defendant Entities") asserting two claims: (1) Defendants' alleged failure to pay overtime pursuant to the Fair Labor Standards Act (the "FLSA"); and (2) negligence ("Plaintiff's Negligence Claim").

2. Plaintiff's Negligence Claim is based upon the following allegations:

- Plaintiff was employed by the Defendant Entities. *See* Plaintiff's First Amended Complaint at ¶¶ 3-6, 12, 14-15.

- Townsend was an officer and/or owner and/or manager of the Defendant Entities and ran the day-to-day operations of those entities. *See id.* at ¶ 7.

- On or about December 17, 2013, while in the course and scope of his

employment, Plaintiff stepped onto an apartment patio that allegedly contained rotted planks, Plaintiff fell through the patio, and Plaintiff suffered injuries as a result. *See id.* at ¶¶ 23-24.

- Defendants were negligent in failing to maintain a safe working environment, and as a result, Plaintiff was injured. *See id.* at ¶ 25.

- Defendants knew of the unsafe working condition involving the rotted planks and failed to provide Plaintiff with the necessary equipment to maintain a safe working environment. *See id.* at ¶ 26.

3. Plaintiff's Complaint does not contain a single allegation that (1) Townsend is the alter ego of any of the Defendant Entities, (2) Townsend had a legal duty to Plaintiff that was independent of the Defendant Entities' duties to Plaintiff, or (3) Townsend breached some duty to Plaintiff that was independent of the Defendant Entities' duties to Plaintiff.

4. As a result, Plaintiff has not pled a valid negligence claim against Townsend. Because the pleadings deadline in this case has passed, Plaintiff's negligence claim against Townsend should be dismissed with prejudice.

## ARGUMENTS AND AUTHORITIES

### I. Standard Under Federal Rule of Civil Procedure 12(c).

5. Federal Rule of Civil Procedure 12(c) states that, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under 12(b)(6). Thus, the inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits." *See Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009) (internal quotations omitted).

### II. Plaintiff's Own Pleading Demonstrates That He Has Not Pled a Valid Negligence Claim Against Townsend.

6. When an employee's employer is a corporation (rather than an individual), "the law charges the corporation itself, not the individual corporate officer, with the duty to provide the

employee a safe workplace." *See Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Although a corporate officer can be liable to company employees for his own negligence, "individual liability ***only arises when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.***" *Id.* (emphasis added). "For example, an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment … [b]ecause the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer ….." *Id.* (internal citations omitted). Thus, unless alter ego is established, corporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care. *Id*.

7. In *Leitch v. Hornsby*, a plaintiff employee sued his corporate employer ("Pro Com") and two of the company's officers, directors and stockholders ("Leitch" and "Crews") for negligence for back injuries the employee suffered during the course and scope of his employment. *Leitch v. Hornsby*, 935 S.W.2d 114, 116 (Tex. 1996). After the trial court rendered judgment against all three defendants, Leitch and Crews appealed, arguing that they were not individually liable for the plaintiff's injuries. *Id*. The Texas Supreme Court agreed, stating:

> Here, the jury found that Pro Com, Leitch, and Crews were each negligent and responsible for [plaintiff's] injuries. However, the jury also found that [plaintiff] was Pro Com's employee and failed to find Pro Com was the alter ego of Leitch and Crews. The court of appeals held that a corporate officer is not shielded from personal liability and that an officer may be found negligent for the officer's own acts. The court of appeals noted that there was evidence that Leitch and Crews, officers and shareholders of Pro Com, took an active role in the managing the daily operations of Pro Com, [plaintiff's] employer. The court of appeals concluded that when an officer performs duties for his principal, the officer owes a duty to avoid negligence, whether active or passive. Based on the evidence in the record and the legal conclusions it reached, the court of appeals affirmed the trial court's judgment. We conclude the court of appeals erred because it did not properly analyze the source of the duty breached in this case.
>
> Leitch and Crews were not [plaintiff's] employers. The jury found that Pro Com was

[plaintiff's] employer. As [plaintiff's] employer, Pro Com had the nondelegable duty to use ordinary care in providing [plaintiff] with a safe workplace. *Werner*, 909 S.W.2d at 869; *Harrison*, 545 S.W.2d at 230. However, the jury did not find that Pro Com was the alter ego of Leitch and Crews. Accordingly, under the record and as a matter of law, Leitch and Crews were acting within their capacities as officers of Pro Com and not in their individual capacities. The alleged actions by Leitch and Crews, whether active or passive, were actions of a corporate officer on behalf of Pro Com and deemed Pro Com's acts. *Holloway*, 898 S.W.2d at 795. ***Leitch and Crews had no individual duty as corporate officers to provide [plaintiff] with a safe workplace. The duty to provide a safe workplace was a nondelegable duty imposed on, and belonging solely to, Pro Com.*** *Fort Worth Elevators*, 70 S.W.2d at 401; *Harrison*, 545 S.W.2d at 230. The record does not show a breach of any other duty by Leitch and Crews. Because a corporate officer acting on the corporation's behalf does not owe a corporate employee an individual duty to provide that employee with a safe work place, and because Leitch and Crews did not breach any separate duty, the court of appeals erred in affirming their individual liability. We hold Leitch and Crews are not individually liable.

*Id*. at 117-18.

8.     As noted above, Plaintiff's Negligence Claim is based upon the allegations that (1) the Defendant Entities were Plaintiff's employers,[1] (2) Defendants were negligent in failing to maintain a safe working environment, and (3) Defendants knew of the unsafe working condition involving the rotted planks and failed to provide Plaintiff with the necessary equipment to maintain a safe working environment. *See* Plaintiffs' Complaint at ¶¶ 25-26.

9.     There is no allegation that Townsend breached some duty aside from the duty of Plaintiff's employers' (the Defendant Entities) to provide a safe working environment, which as *Leitch* makes clear, is a duty unique to Plaintiff's employers. *See Leitch*, 935 S.W.2d at 117 ("…the law charges the corporation itself, not the individual corporate officer, with the duty to provide the employee a safe workplace.") There also is no allegation that Townsend is the alter ego of any of the Defendant Entities.

---

[1]  Plaintiff alleges in his Complaint that Townsend, as a result of his being an officer of the Defendant Entities, was Plaintiff's "employer" under the FLSA. *See* Plaintiff's First Amended Complaint at ¶ 7. The FLSA, however, broadly defines "employer" as "***any person acting directly or indirectly in the interest of an employer in relation to an employee*** and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 28 U.S.C. § 203(d) (emphasis added). This broad definition of "employer" under the FLSA does not apply to Plaintiff's negligence claim against Townsend.

**DEFENDANT THOMAS TOWNSEND'S BRIEF**
**IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS—Page 4**

10. As a result, Plaintiff has failed to plead a valid negligence claim against Townsend and that claim should be dismissed with prejudice to the refiling of same.

WHEREFORE, Defendant Thomas Townsend respectfully requests that the Court grant his Motion for Judgment on the Pleadings, dismiss with prejudice Plaintiff's negligence claim against Townsend, and grant Townsend such other and further relief to which he may show himself justly entitled.

Respectfully submitted,

LINDQUIST WOOD EDWARDS LLP

/s/Robert Wood
Robert J. Wood, Jr.
State Bar No. 00788712
robert@mylawteam.com
T. Blake Edwards
State Bar No. 24050553
blake@mylawteam.com
1700 Pacific Avenue, Suite 2280
Dallas, Texas 75201
(214) 382-9789 – phone
(214) 953-0410 – fax

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was served on all counsel of record via ECF, on September 30, 2015.

/s/Robert Wood
Robert J. Wood, Jr.